An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-829

Filed 15 April 2026

Cleveland County, Nos. 21CR052018-220, 21CR052019-220, 23CR000711-220

STATE OF NORTH CAROLINA

v.

JACQUES MAURICE WOODS

Appeal by Defendant from judgments entered 22 November 2024 by Judge Sarah E. Kirby-Turner in Cleveland County Superior Court. Heard in the Court of Appeals 10 March 2026.

> *Attorney General Jeff Jackson, by Senior Deputy Attorney General J. Joy Strickland, for the State-Appellee.*
>
> *Mark Montgomery for Defendant-Appellant.*

COLLINS, Judge.

Defendant Jaques Maurice Woods appeals from judgments entered upon jury verdicts of guilty of numerous charges related to sexual offenses with minors. Defendant argues that the trial court prejudicially erred by failing to intervene ex mero motu during the State's closing argument when the State allegedly commented on Defendant's choice not to testify. We find no error.

## I.  Background

Defendant was indicted for two counts of first degree sexual exploitation of a minor, two counts of indecent liberties with a child, one count of second degree sexual exploitation of a minor, one count of sexual act of a substitute parent or custodian, one count of peeping using a photographic imaging device, one count of statutory sexual offense with a child by an adult, and one count of kidnapping.  The case came on for trial on 18 November 2024.  The State called numerous witnesses.  Defendant did not put on evidence.  The State dismissed the kidnapping charge, and the jury found Defendant guilty of all other charges.  The trial court sentenced Defendant accordingly.  The facts pertaining to the underlying charges in this case are not relevant to Defendant's argument on appeal.

## II.  Discussion

Defendant's sole argument on appeal is that the trial court prejudicially erred by failing to intervene ex mero motu during the State's closing argument when the State allegedly referenced Defendant's decision not to testify.

"The standard of review for assessing alleged improper closing arguments that fail[ed] to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu." *State v. Jones*, 355 N.C. 117, 133 (2002) (italics and citation omitted).  This Court must determine "(1) whether the argument was improper; and, if so, (2) whether the argument was so grossly improper as to impede the defendant's

right to a fair trial." *State v. Huey*, 370 N.C. 174, 179 (2017). "In determining whether the statement was grossly improper, we must examine the context in which it was given and the circumstances to which it refers." *State v. Trull*, 349 N.C. 428, 451 (1998) (citations omitted).

A criminal defendant's right to remain silent is constitutionally and statutorily protected, so "a prosecution's argument which clearly suggests that a defendant has failed to testify is error." *State v. Reid*, 334 N.C. 551, 555 (1993) (citation omitted). However, "a comment implicating a defendant's right to remain silent, although erroneous, is not invariably prejudicial." *State v. Ward*, 354 N.C. 231, 251 (2001) (citation omitted).

Defendant challenges the prosecutor's following statement, made without objection, as "a clear refe[re]nce to the fact that [Defendant] exercised his fundamental constitutional right to remain silent":

> The only person who's really interested in the outcome of the case is the defendant and the only person who has anything to gain or lose by telling the truth or not telling the truth in this case. None of these witnesses do. And, you know, they got on the stand, all of them, Rocky Kimble, Dana Thompson, Monica Jeffries, all of the adults at least, and Shariya, who is an adult, Kevara, who is now an adult, subjected themselves to cross-examination about their criminal record, about their past, about those things that help you to determine whether somebody is telling the truth or not.

Defendant takes the challenged statement out of context and mischaracterizes its message. Before the challenged statement, the prosecutor argued:

> So we are going to talk about credibility. You decide who's telling the truth, whether they're telling the whole truth, part of the truth or none of the truth.
>
> . . . .
>
> Is there a motive to lie? Who is interested in the outcome of this case? Who has something to gain or lose? . . . I mean, whose life is affected tomorrow by the verdict that you render today? Not really anybody who testified . . . . Does their tomorrow change in any way other than some sense of justice if that is served based on your verdict? No.

Directly after the challenged statement, the prosecutor argued that specific witnesses lacked motives to lie. When read in the context of the State's entire closing argument, the challenged statement does not reference Defendant's choice nor his right not to testify but instead refers to the State's witnesses' lack of motives to lie. Thus, the challenged statement was not improper.

Moreover, even assuming arguendo that the challenged statement did implicate Defendant's right not to testify, Defendant is not entitled to a new trial as he has failed to show prejudice. Because the State presented substantial uncontradicted evidence of Defendant's guilt, he has failed to show any error "was so grossly improper as to impede [his] right to a fair trial." *Huey*, 370 N.C. at 179.

### III. Conclusion

For the reasons above, the trial court did not err.

NO ERROR.

Chief Judge DILLON and Judge ZACHARY concur.

- 4 -

Report per Rule 30(e).